# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**FRED L. BILLITER, JR.,**

    **Plaintiff,**

    v.                                     Civil Action 2:19-cv-2550
                                           Judge George C. Smith
                                           Magistrate Judge Kimberly A. Jolson

**OSU WEXNER MEDICAL CENTER,**
**et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Fred L. Billiter, Jr., a *pro se* prisoner, brings this action against Defendants OSU Wexner Medical Center, Dr. Daniel Vazquez, and Dr. Anghela Z. Paredes. (*See* Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.**       **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to

pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (*Id.*).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Discussion

Plaintiff alleges that Defendants committed "medical malpractice in the way my hernia surgery was unprofessionally treated and taken care of[.]" (Doc. 1-2 at 5; Doc. 1-3 at 5; Doc. 1-4 at 5).

Plaintiff's Complaint (Docs. 1-2, 1-3, 1-4) suffers from three defects, all of which warrant dismissal here. First, the Court lacks subject-matter jurisdiction over Plaintiff's proposed

Complaint. Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Plaintiff, a citizen of Ohio, brings his state law medical malpractice against three fellow citizens of Ohio. (*See generally* Docs. 1-2, 1-3, 1-4). As a result, the Court cannot rely on diversity jurisdiction here, and Plaintiff has not cited any authority that would allow the Court to exercise federal question jurisdiction over the proposed Complaint. The Undersigned, therefore, recommends that the proposed Complaint be **DISMISSED without prejudice**.

Second, assuming for the sake of argument that the Court had subject-matter jurisdiction over Plaintiff's proposed Complaint, under Ohio law, a one-year statute of limitations applies to his medical malpractice claim. *See* Ohio Rev. Code § 2305.113(A) ("Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued."); *id.* § 2305.113(E)(3) ("'Medical claim' means any claim that is asserted in any civil action against a physician [or] hospital . . . , and that arises out of the medical diagnosis, care, or treatment of any person."). Even under the most favorable reading of the proposed Complaint, the latest Plaintiff's claim could have accrued was in April 2018. (*See, e.g.*, Doc. 1-2 at 5 (alleging that Plaintiff had to have a second surgery in April 2018 to address "the botched surgery" that was performed in December 2016)). Plaintiff's proposed Complaint was not filed until June 2019, more than a year after the latest his claim could

have accrued. It is, therefore, barred by the statute of limitations. *See* Ohio Rev. Code § 2305.113(A).

Third, assuming for the sake of argument that the Court had jurisdiction over Plaintiff's proposed Complaint and that his claim was not barred by the statute of limitations, Plaintiff's proposed Complaint fails to state a claim upon which relief may be granted. "In order to recover for medical malpractice, a plaintiff must prove: (1) the existence of a standard of care within the medical community; (2) the defendant's breach of that standard; and (3) proximate cause between the medical evidence and the plaintiff's injuries." *Evans v. Ohio Dep't of Rehab. & Correction*, 108 N.E.3d 1193, 1202 (Ohio Ct. App. 2018) (citation omitted). Beyond conclusory assertions that Defendants "botched" his first hernia surgery, Plaintiff offers no factual assertions that would "allow[] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As a result, Plaintiff's proposed Complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** (Doc 1); however, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 1, 2019                                /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE